UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARUN OZTURK, <u>et al.</u>, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, in her official capacity as ) <br> Secretary of U.S. Department of Homeland ) <br> Security, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 25-1203 (RBW) |

**<u>ORDER</u>**

Upon consideration of the plaintiffs' Complaint for Declaratory and Injunctive Relief in this case, ECF No. 1, which was directly assigned to this Court based on the plaintiffs' Notice of Designation of Related Cases Pending in This or Any Other United States Court, ECF No. 4, the Court concludes, that contrary to the plaintiffs' position, this matter is not related to <u>Dogan v. Noem</u>, No. 25-cv-1130 (RBW), in a manner consistent with the Local Rules.  Therefore, the Court will direct the Clerk of the Court to reassign this case randomly pursuant to this Court's Local Rules.

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned."  <u>United States v. Volvo Const. Equip. AB</u>, 922 F. Supp. 2d 67, 68 (D.D.C. 2013) (quoting <u>Tripp v. Exec. Off. of President</u>, 196 F.R.D. 201, 202 (D.D.C. 2000)).  However, pursuant to Local Civil Rule 40.5, a new case shall be assigned "to the judge to whom the oldest related case is assigned" if the cases are related.  LCvR 40.5.  Civil cases are deemed related if "the earliest [case] is still pending on the merits in the District Court and [the cases] (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or

transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary." Trump, 391 F. Supp. 3d at 95 (quoting Dakota Rural Action v. U.S. Dep't of Agric., No. 18-2852 (BAH), 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019)).

The Court is unpersuaded that these cases are related as contemplated by the Local Rules. Although the cases certainly assert similar claims—i.e., that the defendant acted arbitrarily and capriciously in terminating the plaintiffs' SEVIS records—"cases are related when they involve common issues of fact—not common issues of law[.]" J&K Prods., LLC v. Small Bus. Admin., 589 F. Supp. 3d 95, 98 (D.D.C. 2022) (concluding that the plaintiff's case was not related to a prior case where both challenged an agency's administration of a particular program and denial of separate grant applications). Importantly here, each of these cases would require the Court to review separate documentation and a separate set of facts because each plaintiff applied for their F-1 Visa separately and each plaintiff submitted different documentation in support of their application. See J&K Prods., LLC, 589 F. Supp. 3d at 98 (concluding the same). Therefore, while the Court appreciates the plaintiffs' inclination to designate these as related cases, the Court concludes that they have not carried their "heavy" burden of identifying factual overlap sufficient to upend the Court's "essential" general rule of random assignment. Trump, 391 F. Supp. 3d at 95 (quoting Dakota Rural Action, 2019 WL 1440134, at *1).

Accordingly, it is hereby

**ORDERED** that the Clerk of the Court shall reassign this case randomly, pursuant to Local Rule 40.3.

**SO ORDERED** this 21st day of April, 2025.

                                                      REGGIE B. WALTON
                                                      United States District Judge